The plaintiff at this term produced the deeds stated in the bill, under which he claims his wife's interest in the fund in controversy, and it was admitted at the bar that they are sufficient to vest the right in the plaintiff, if the wife had any. Therefore, the question is as to obligation of the marriage agreement on Mrs. Riddick. On that question there has been no argument at the present term; but longer consideration confirms the previous impression of the Court that, laying out of view the point whether an infant can or cannot bind her real estate by marriage articles, yet this agreement cannot be sustained and enforced in this Court, in respect to this fund, as realty. The parties believed it to be personalty, and so called it, and they dealt with it as such, and it must be understood that the intention was to settle the feme's personalty only, with the exception of the real estate derived from Mrs. Goodman. That is not now in contest, and there was no intention to settle any other realty. That being so, and the difference being so great between the rights of the husband and wife in the real estate of the wife derived under the law and derived under the articles, if effectual, the Court is obliged to say that the wife ought not to have been compelled to execute the agreement specifically conveying on the trusts of the articles this fund, which is the produce of the sale of her land, and, under the statute, is regarded in equity as land. (274) Her heir stands, of course, on the same equity, and is entitled to the fund in reversion, after the husband's estate, by the curtesy. The interest hitherto accrued belongs, therefore, to the surviving husband, and the capital ought to be brought in and invested for the benefit of Riddick for life, and afterwards for that of the plaintiff Satterfield, his executors and administrators.
The defendant Riddick must pay the costs up to this time.
The following decree was directed to be entered, and was entered accordingly:
This cause coming on to be heard upon the bill, answers, former orders, exhibits, and other evidence in the cause, and being debated by counsel, the Court doth declare that John Riddick died intestate, seized of certain lands in the county of Gates which descended to his three daughters, Emily, Sarah, and Mary, his heirs at law. That the said Emily, who had intermarried with Thomas B. Hunter; Sarah, who had intermarried with William Ely, their said husbands and Mary, by proper proceedings in the court of equity, for partition caused said lands to be sold for $2,400. That Emily afterwards died, leaving her husband and two children, Thomas and Sarah Ann, surviving; and her *Page 177 
share in said fund, towit, $800, thereby descended to said Thomas and Sarah Ann, her heirs at law, subject to the life estate of their father, the said Thomas B. Hunter. That afterwards the said Sarah Ely died without issue, leaving as her heirs at law her sister, said Mary, and said Thomas and Sarah Ann, children of her deceased sister Emily, to whom the share of the intestate, Sarah Ely, in the said fund descended. That the said Thomas having also died an infant intestate, his share in said fund descended to his sister, the said Sarah Ann, and that, by means of these deaths and descents, the one-third part of said (275) fund belonging to said Emily, and one-half of the other third belonging to said Sarah Ely, being one moiety of the whole fund, became vested in the said Sarah Ann.
And the Court doth further declare that Thomas R. Costen, a brother of the wife of the said John Riddick, died intestate, without issue, seized of land in fee, and leaving as his heirs at law two brothers, James and George, and Mary Riddick aforesaid and Sarah Ann Hunter, the said Mary and Sarah representing Mrs. Riddick, the deceased sister of the intestate, Thomas R. Costen, and that the said lands descended to them. That the said Mary having intermarried with the plaintiff George W. B. Satterfield, they and the said Sarah Ann, James and George Costen, caused the said lands to be sold for partition by proper proceedings in the court of equity of Gates County for a sum, the share of which belonging to the said Sarah Ann was $975.16.
And the Court doth further declare that the said Thomas B. Hunter was duly appointed guardian to said Sarah, his daughter, and as such received from the fund arising from the sale of the lands descended from the intestate, John Riddick, her moiety thereof, towit, the sum of $1,200, to be held as real estate. That said Thomas afterwards died, and one Thomas Twine was duly appointed guardian to said Sarah Ann, and as such collected from the administrator of said Thomas R. the said fund of $1,200 belonging to said ward and which was held by him as real estate.
And the Court doth further declare that the said Thomas Twine afterwards removed to Virginia, and the plaintiff George W. B. Satterfield was duly appointed her guardian, who received into his hands the said sum of $975.16, his ward's share in the lands descended from said Thomas R. Costen, to be held as real estate, and that the principal money of said fund is still in his hands as well as such interest thereon as may have accrued and not been paid over to the (276) defendant Lassiter Riddick, administrator.
And the Court doth further declare that the said Sarah Ann, in contemplation of marriage with the defendant Willis F. Riddick and while still an infant, entered into a marriage settlement, whereby she attempted *Page 178 
to convey as personal estate the aforesaid funds to the defendant Isaac R. Hunter upon the trusts therein set forth, but the said settlement was made by the said Sarah Ann under the erroneous belief that she held the said funds as personal and not real estate, and under a mistake as to her rights therein, and that the said deed of settlement was therefore ineffectual to transfer or assign the said funds, or any part thereof.
And the Court doth further declare that the said Sarah Ann, after her intermarriage with said Willis F. Riddick, had issue, a son of the marriage, who lived a few days only, and after his death the said Sarah Ann died, still an infant and without other issue, and that by means thereof the said Willis F. became entitled as tenant by the curtesy to an estate for his life in the two funds aforesaid, and the said Mary Satterfield, as heir at law of said Sarah Ann, to whom the same had descended, became entitled to the remainder after the death of said Willis F. in the said funds.
And the Court doth further declare that by sundry deeds of bargain and sale, properly executed, the estate in remainder in said funds vesting in said Mary Satterfield has been assigned and conveyed to the plaintiff George W. B. Satterfield in his own right and in fee.
And the Court doth further declare that the said fund of $1,200 was collected by the defendant Isaac R. Hunter as trustee soon after the marriage of said Sarah Ann from the said Thomas Twine by proceedings in the courts of Virginia, and paid over to said Willis F. Riddick.
And the Court doth declare that the said George W. B. Satterfield is entitled to the principal money of said funds, towit, the sum of $1,200 and the sum of $975.16 upon the death of said Willis F., and (277) that the said Willis F. is entitled to the interest thereof during his lifetime, and the plaintiff, said George W. B. Satterfield, is entitled to have said funds secured, to be forthcoming at the death of said Willis F.
And it is thereupon ordered, adjudged, and decreed that the said Willis F. Riddick, who is primarily liable, and the said Isaac R. Hunter, who is also liable, pay into this Court the sum of $1,200, principal money received by him as herein declared, and that the said George W. B. likewise pay into Court the sum of $975.16, principal money in his hands as aforesaid, to be invested, under the order of this Court, so as to secure the interest thereon to said Willis F. during his life, and the principal, at his death, to the said George W. B.
And it is further ordered, adjudged, and decreed that the injunction heretofore awarded against the defendant Lassiter Riddick, as administrator of said Sarah Ann, be made perpetual.
And it is referred to the master of this Court to inquire and report *Page 179 
what interest has accrued, or ought to have accrued, on the said funds when the same are paid into his office, as directed by this decree.
Cited: McLeran v. Melvin, 56 N.C. 200; Sullivan v. Powers, 100 N.C. 28.
(278)